[Cite as *State v. Crawford*, 2011-Ohio-5809.]

IN THE COURT OF APPEALS OF DARKE COUNTY, OHIO

STATE OF OHIO              :

     Plaintiff-Appellee      :    C.A. CASE NO. 10-CA-15

vs.                    :    T.C. CASE NO. 10-CR-05

TERESA A. CRAWFORD     :    (Criminal Appeal from
                             Common Pleas Court)

     Defendant-Appellant   :

. . . . . . . . .

# O P I N I O N

Rendered on the 10th day of November, 2011.

. . . . . . . . .

R. Kelly Ormsby, III, Atty. Reg. No. 0020615, Prosecuting Attorney, Darke County Prosecutor's Office, Courthouse, Third Floor, Greenville, OH 45331
    Attorney for Plaintiff-Appellee

Arthur A. Ames, Atty. Reg. No. 0018227, 383 Talbott Tower, Dayton, OH 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Teresa Crawford, appeals from her conviction and sentence for aggravated burglary, robbery, theft from an elderly person, and kidnapping.

{¶ 2} This case involves a home invasion that occurred near

Greenville, Ohio, on January 3, 2010. The victim, Juanita McCain, is a seventy-one year old widow and Defendant's cousin. Defendant had recruited two friends from Akron, Ohio, Clarence Blair and George Simpson, to help her rob the victim, who lived alone and kept cash and other valuable property in her home.

{¶ 3} Defendant, Blair, Simpson, and a fourth person, Jessica Benner, drove to McCain's residence in Defendant's vehicle and pulled into the garage. Defendant and Benner remained in the garage while Blair and Simpson entered the home wearing masks. Blair was armed with a BB gun that looked like a firearm. Over a period of hours, the men repeatedly questioned McCain about where she kept her cash and other valuables, and they threatened to kill her if she did not cooperate. When not questioning McCain, the men kept her locked inside a closet.

{¶ 4} Meanwhile, Defendant gave directions to Blair and Simpson as to what they should do next, and assisted them in loading up the stolen property. After stealing more than one hundred thousand dollars in cash and other property, Blair and Simpson duct taped McCain to a chair inside the closet and warned her not to come out. McCain remained in that closet for the rest of the day, all through the night, and into the next morning. McCain finally worked herself free of the duct tape and came out.

{¶ 5} McCain tried to call for help but the defendants had

disabled the phones. McCain then decided to use her car to go for help but discovered the defendants had stolen her car. McCain finally walked to a neighbor's home where police were called. McCain's stolen vehicle was found parked in Dayton and placed under police surveillance. When Defendant, Blair, and Simpson entered the vehicle and attempted to drive away, they were arrested. All three defendants made admissions and revealed the involvement of a fourth defendant, Jessica Benner.

{¶ 6} Defendant, Blair, and Simpson were indicted on one count of aggravated burglary, R.C. 2911.11(A)(1), one count of robbery, R.C. 2911.02(A)(2), one count of theft from an elderly person, R.C. 2913.02(A)(4), (B)(3), and one count of kidnapping, R.C. 2905.01(A)(2). Blair and Simpson pled guilty to all of the charges. As part of their plea agreement, they agreed to testify against Defendant. Blair and Simpson were sentenced to eleven years and ten years, respectively.

{¶ 7} On April 16, 2010, Defendant entered pleas of guilty to all of the charges. The plea agreement specified that the State would recommend a prison term of at least sixteen years. At sentencing, the trial court heard oral statements by the prosecutor, defense counsel, and Defendant. The court then heard victim impact statements by McCain and Bill Miller, who is a cousin of both McCain, the victim, and Defendant. The trial court

sentenced Defendant to multiple prison terms totaling seventeen years.

{¶ 8} Defendant appealed to this court.

ASSIGNMENT OF ERROR

{¶ 9} "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO OBJECT TO THE STATEMENTS OF, OR TO MOVE TO STRIKE THE STATEMENTS OF, WILLIAM MILLER AT THE SENTENCING HEARING."

{¶ 10} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. Id.; *State v. Bradley* (1989), 42 Ohio St.3d 136.

{¶ 11} At the sentencing hearing, the trial court heard victim impact statements by both the victim, Juanita McCain, and Bill Miller, who is a cousin of both Juanita McCain and Defendant. In his comments, Miller said that Defendant is a lifelong criminal. Miller stated that in his opinion Defendant is a liar, a thief,

and a menace to society. Miller claimed that his parents and Defendant's parents live in fear of what might happen to their finances because of Defendant, and that Defendant had previously stolen a large sum of money from another elderly aunt, Luella Miller. According to Miller, it was fortunate that Juanita McCain, a severe asthmatic, did not die during these events or we would be talking about murder. Miller asked the trial court to sentence Defendant to the maximum sentence.

{¶ 12} In her sole assignment of error, Defendant argues that she was denied the effective assistance of counsel at trial because her counsel failed to object to Miller's comments. Citing Crim.R. 32(A)(3), Defendant argues that it was improper to allow Miller to make any statement because he was not the victim in this case. Defendant claims that her counsel's failure to object to Miller's statements prejudiced her because Miller's statements inflamed the court to such an extent that the court sentenced Defendant to a much longer prison term than the other defendants in this case.

{¶ 13} Crim.R. 32(A)(3) provides: "At the time of imposing sentence, the court shall * * * [a]fford the victim the rights provided by law." The rule implements the victim's rights provision of R.C. Chapter 2930. The rule does not thereby impose a limitation on the proceedings in other respects.

{¶ 14} R.C. 2929.19(A)(1) provides: "At the [sentencing] hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case."

{¶ 15} Defendant's trial counsel was not ineffective for failing to object to the admission of Miller's statements as an error of law, because R.C. 2929.19(A)(1) authorizes the court to admit them. Defendant suggests that the court nevertheless abused its discretion in admitting Miller's statements, a matter to which counsel had a duty to object.

{¶ 16} We find no abuse of discretion. The matters to which Miller spoke fall squarely within the purposes of felony sentencing in R.C. 2929.11 that guide the court and the seriousness and recidivism factors in R.C. 2929.12 that the court must consider when imposing a sentence. The substance of Miller's statements may have prejudiced Defendant's interests, but admitting those statements did not prejudice Defendant's rights.

{¶ 17} Furthermore, a review of this record amply demonstrates that the longer prison sentence imposed upon Defendant, as opposed to the shorter sentences imposed upon the co-defendants, was not a product of Miller's inflammatory comments at sentencing but

rather the fact that Defendant planned this robbery and recruited other, younger people to assist her in carrying it out. Also, Defendant has a very lengthy criminal history and has been in and out of prison much of her life. At the time of committing this offense, Defendant was on community control for a forgery conviction. Additionally, the victim of this crime was Defendant's own elderly relative, who was so frightened by this crime that she left her home and moved to a new location. The court found this crime was the worst form of the offense, shocked the conscience of the community, and that Defendant was the most serious repeat offender. The seriousness and recidivism factors in R.C. 2929.12(B)(1), (6), and (D)(1), (2), and (3) apply in this case.

{¶ 18} Having failed to demonstrate deficient performance by counsel or resulting prejudice, ineffective assistance of counsel has not been shown.

{¶ 19} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.

FAIN, J., And HALL, J., concur.

Copies mailed to:

R. Kelly Ormsby, III, Esq.
Arthur A. Ames, Esq.
Hon. Jonathan P. Hein