[Cite as *State v. Stone*, 2012-Ohio-630.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee              :          C.A. CASE NO. 24554

v.                                     :          T.C. NO.    10CR2466

PAUL M. STONE                          :          (Criminal appeal from
                                                  Common Pleas Court)
    Defendant-Appellant            :

                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____17th____ day of ____February____, 2012.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

ROBERT L. SCOTT, Atty. Reg. No. 0086785, 8801 N. Main Street, Suite 200, Dayton, Ohio 45415
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} In October 2010, Paul M. Stone was indicted for disseminating material harmful to a juvenile under R.C. 2907.31(A)(3). He later pled guilty to one count of public indecency, in violation of R.C. 2907.09(B)(1), a second degree misdemeanor. The

trial court ordered a presentence investigation.

{¶ 2} At the sentencing hearing, the trial court heard a prepared statement from the child-victim's mother, which was read by a representative of the Victim Witness Division. The court then provided Stone and his counsel an opportunity to address the court. Afterward, the trial court sentenced Stone to five years of community control, which included, among other sanctions, that Stone complete sex offender treatment and anger management counseling and that he serve 30 days in jail.

{¶ 3} Stone appeals from his sentence. His sole assignment of error states:

THE TRIAL COURT ERRED UNDER O.R.C 2930.14(B) WHEN IT FAILED TO CONTINUE THE SENTENCING OR TO TAKE APPROPRIATE ACTION TO ALLOW THE DEFENDANT AN ADEQUATE OPPORTUNITY TO RESPOND TO THE NEW MATERIAL FACTS CONTAINED IN THE VICTIM IMPACT STATEMENT.

{¶ 4} In his assignment of error, Stone asserts that the statement from the child's mother that was read by a victim advocate at the sentencing hearing provided new material facts to the trial court. Stone claims that the trial court erred when it considered the mother's statement without providing him an adequate opportunity to respond to the statement or continuing the sentencing hearing.

{¶ 5} Crim.R. 32(A)(3) provides: "At the time of imposing sentence, the court shall * * * [a]fford the victim the rights provided by law[.]" This rule implements the victim's rights provision of R.C. Chapter 2930; it does not impose a limitation on the proceedings in other respects. *State v. Crawford*, 2d Dist. Darke No. 10-CA-15,

2011-Ohio-5809, ¶ 13.

**{¶ 6}** Under R.C. 2930.14(A), a trial court is required to allow the victim of the crime to make a statement prior to the court's imposition of sentence. The court must consider the victim's statement along with other factors that the court is required to consider in imposing sentence. R.C. 2930.14(B). However, if the statement includes new material facts, "the court shall not rely on the new material facts unless it continues the sentencing * * * or takes other appropriate action to allow the defendant * * * an adequate opportunity to respond to the new material facts." *Id.*

**{¶ 7}** "Whatever the court considers for sentencing should be either part of the presentence investigation or 'presented' at the sentencing hearing before allocution." *State v. Yates*, 195 Ohio App.3d. 33, 2011-Ohio-3619, 958 N.E.2d 640, ¶ 25 (2d Dist.). "A trial court errs when it does not let the defendant address new information introduced and considered by the trial court at sentencing. The error is presumed prejudicial, because the defendant is prevented from speaking at the appropriate time." (Citations omitted.) *Id.* at ¶ 21.

**{¶ 8}** "Courts have found the prejudice presumption rebutted when the defendant declined to speak at the proper time or the new evidence is extraneous. The error will also be harmless when the defendant does not object to the new information or if the court's reasons for the enhanced sentence are unrelated to it." (Citations omitted.) *Id.* at ¶ 22.

**{¶ 9}** At Stone's sentencing hearing, a victim advocate read a statement prepared by the victim's mother. In that statement, the mother asked the court to sentence

Stone to the maximum sentence of 90 days in jail. She stated that she had agreed to Stone's plea to the misdemeanor charge "not because I feel he deserves a less harsh punishment, but to protect my daughter from having to face him in trial." She emphasized that Stone's conduct constituted "a sex act toward an eight- to nine-year-old girl," who had previously been sexually abused by her biological father, causing Stone's conduct to "carry even more impact on her young mind." The mother indicated that Stone was aware of the prior abuse and that Stone adopted the victim so that the biological father would not have legal rights to her. The mother lamented that "one bad father figure has been replaced by another."

{¶ 10} The mother's statement further expressed that the victim was scared of Stone. The mother related that the victim began experiencing chronic unexplained fainting spells, beginning in October 2008, and that the victim underwent extensive medical testing to determine the cause. The doctors believed that the fainting was caused by dehydration or stress; the victim has not had a fainting episode since she stopped living with Stone.

{¶ 11} After the mother's statement was read, the trial court asked defense counsel if he had anything additional for the court. Counsel responded, "No, Your Honor." Counsel did not object to the mother's statement or ask for a continuance to address any of the information included therein. The trial court then asked Stone if he had anything that he'd like to say. Stone replied:

> I've been going through hell with a rough divorce for nine months. I don't think this is the appropriate venue to – to air out my opinions. [The victim is] with the father that raised her since she was three years old. I'm

sure she's happier. Have no doubt he's a decent father. Having these statements read before me, it's like her taking a pot shot. That's all I have to say, sir. That's all I can think of now.

{¶ 12} After Stone's statement, the court responded, "You say [the victim's] with her father now?" A woman, presumably the victim advocate, clarified that the biological father was in prison, and the mother and child were living with a different man with whom the mother had a relationship prior to marrying Stone. The court asked if the mother was present in the courtroom; the woman responded that she was not.

{¶ 13} After this exchange, the trial court expressed to Stone that he had spoken with defense counsel about the court's "feelings about this case." The court told Stone:

My feelings are these: I'm disappointed if these allegations are true. This matter was reduced to a misdemeanor. I don't question why it was reduced to a misdemeanor, but the underlying facts are such that frankly disgust the Court. And so, I will hope that the victim advocate would pass this along to the – well, especially to the daughter.

If this Court had the ability to sentence for longer than ninety days, it would certainly do so. But the Court is going to, given its limited ability for a misdemeanor two, the Court is going to give this defendant community control sanctions in order that we can keep an eye on you for the next five years.

{¶ 14} The court then imposed five years of community control sanctions,

including an order that Stone be assessed and complete sex offender treatment, complete anger management, and serve 30 days in the Montgomery County jail.

{¶ 15} Upon review of the record, we find no error in the trial court's consideration of the mother's statement without ordering a continuance to allow Stone additional time to address the statement. Stone and his counsel were given an opportunity to respond – and Stone did respond – to the mother's statement at the sentencing hearing. Neither asked for a continuance, nor did they express that they were unable to respond to the mother's statement without additional time. No new material information was offered between Stone's allocution and the trial court's sentencing.

{¶ 16} Moreover, none of the information presented in the mother's statement constituted "new material facts" for purposes of R.C. 2930.14. The presentence investigation report detailed the offense and was consistent with the mother's characterization of a "sex act." Consistent with the mother's statement at the sentencing hearing, the report related that the victim's biological father had sexually abused her for three years, and that Stone had adopted the victim so that the biological father would not have legal rights to her. The victim impact portion of the report also indicated that the victim "was constantly having medical tests for an illness which could not be diagnosed," that the illness was believed to be stress related, and that she no longer suffered from those medical issues, now that she is no longer living with Stone.

{¶ 17} Stone's assignment of error is overruled.

{¶ 18} The trial court's judgment will be affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Andrew T. French
Robert L. Scott
Hon. Gregory F. Singer