[Cite as *State v. Wilson*, 2011-Ohio-3463.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 95553

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DIANA WILSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534919

**BEFORE:**   Rocco, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   July 14, 2011

-i-

**ATTORNEY FOR APPELLANT**

Michael K. Webster
800 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    John P. Colan
        Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶ 1}  After entering guilty pleas to charges of attempted arson, vandalism, and child endangering, defendant-appellant Diana Wilson appeals from the four-year prison sentence imposed by the trial court.

{¶ 2}  Wilson presents one assignment of error.  She argues the trial court failed to make the necessary "findings" prior to imposing more than the

minimum term upon her as a person who never previously had served a prison term. Since the authority upon which she relies predates the supreme court's opinion in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, her argument is unpersuasive.

**{¶ 3}** Wilson's assignment of error, consequently, is overruled, and her sentence is affirmed.

**{¶ 4}** Wilson originally was indicted in this case on five counts, charged with aggravated arson, vandalism, and three counts of child endangering. She entered a not guilty plea at her arraignment.

**{¶ 5}** Within two months of Wilson's indictment, the court psychiatric clinic determined she was not competent to aid in her own defense. The trial court therefore referred her to a facility for that purpose. A month later, Wilson returned to the court, whereupon the clinic also determined she was sane at the time of the incident that led to her indictment.

**{¶ 6}** When the state notified the trial court that Wilson had agreed to a plea bargain, the trial court conducted a hearing. The prosecutor outlined the arrangement, i.e., in exchange for Wilson's guilty pleas to Count 1, amended to constitute a third-degree felony,[1] Count 2, and Count 3, amended

---

[1] The prosecutor initially failed to specify that Wilson would be pleading guilty to attempted arson, but the trial court subsequently clarified the matter, and Wilson acknowledged she pleaded guilty to this charge.

to include all of her children's names, the state would dismiss the other two counts. Thus, Wilson was aware that a third-degree felony was "punishable by anywhere between one and five years incarceration."

{¶ 7} The trial court conducted a colloquy prior to accepting Wilson's pleas; the court, too, notified Wilson that Count 1 "carr[ied] anywhere from 1 to 5 years in prison." The court found Wilson guilty. Rather than ordering the preparation of a presentence report, the trial court indicated it would rely on the psychiatric reports.

{¶ 8} When the case was called for sentencing, the trial court indicated it had requested the prosecutor to have the detective who investigated Wilson's case present because the court "didn't have some of the facts" at the plea hearing. The record reflects the detective's investigation consisted only of "speaking with several family members," consulting the fire department's report, and obtaining information from the homeowner's insurance company.

{¶ 9} The detective described the damage done to the home, indicated Wilson had set fires in three separate locations, and the house suffered smoke and water damage as a consequence. The detective set the restitution amount at $12,500.

{¶ 10} Without a presentence report to review, the trial court accepted defense counsel's representation that Wilson had been convicted previously of

only a misdemeanor disorderly conduct offense. The trial court then read for the record a "suicide note" Wilson had left at the scene of the incident; therein, Wilson indicated she had been a child victim of sexual abuse and had never received treatment.

{¶ 11} After listening to the prosecutor, defense counsel, and Wilson herself, the trial court pronounced sentence. The court began by stating:

{¶ 12} "The — Ms. Wilson, the purpose of sentencing is punishment. That's the foremost purpose under the statute, under the law.[2] * * * This case calls for punishment.

{¶ 13} "Now, I'm going to take into consideration all the factors. I believe your remorse is sincere. * * * I'm going to accept on face value that you were the victim of sexual abuse and I'm going to accept that you do have love and care for your children at this point, but you, on November 21 [2009], committed a very violent, dangerous act for [sic] which society must be protected.

{¶ 14} "You have to pay this punishment. * * * [T]his imprisonment will put you in a position where you cannot harm other people. * * *

---

[2]However, R.C. 2929.11 states: "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender * * *, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 15} "You set fire to a home that could have killed people. * * *

{¶ 16} "There's a whole series of calamities that could occur in a fire * * *."

{¶ 17} The trial court ultimately imposed concurrent terms of four years on Count 1, one year on Count 2, and six months on Count 3.

{¶ 18} Wilson appeals from her sentence, presenting the following assignment of error.

{¶ 19} **"I.  The trial court erred in imposing consecutive terms of incarceration without providing findings and reasons in support of those findings."**

{¶ 20} Wilson argues that, because she had not previously served a prison term, R.C. 2929.14(B) required the trial court to make findings and provide reasons before imposing a sentence that was more than the minimum term of incarceration.  Wilson supports her argument with authority that predates the Ohio Supreme Court's opinion in *Foster*.  In light of that fact, her argument is unpersuasive.

{¶ 21} This court reviews felony sentences to determine whether there is statutory compliance with sentencing and whether the court abused its discretion by imposing sentence.  *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶4.  Wilson's four-year sentence was

within the five-year range for third degree felonies. Thus, this court must determine whether the court abused its discretion in this case. *State v. Bonnell*, Cuyahoga App. No. 91785, 2009-Ohio-2721, ¶14.

{¶ 22} Wilson was not entitled to a presumption of the shortest available prison term as a first offender. In *Foster*, the supreme court severed former R.C. 2929.14(B) as unconstitutional. Id. at paragraph two of the syllabus. Therefore, the trial court was vested with the discretion to sentence Wilson to any prison term allowable by law under R.C. 2929.14(A). Id. at paragraph seven of the syllabus.

{¶ 23} Although Wilson argues that the court abused its discretion by imposing a four-year sentence because she was a first-time offender, she showed remorse for her behavior, and her medications had stabilized her mental disorder, the record reflects the trial court took these facts into consideration. Nevertheless, the court determined that a four-year prison term was appropriate.

{¶ 24} Under these circumstances, this court cannot find the trial court abused its discretion. *State v. Waugh*, Cuyahoga App. No. 92896, 2010-Ohio-1976. The trial court indicated its belief that the potential harm of Wilson's crimes outweighed any factors that mitigated punishment. *Bonnell*.

**{¶ 25}** Wilson's assignment of error, accordingly, is overruled.

**{¶ 26}** Wilson's sentence is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR