[Cite as *State v. Burns*, **2012-Ohio-491.**]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97068**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JEBREEZE BURNS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535433

**BEFORE:** Jones, J., Sweeney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 9, 2012

**ATTORNEY FOR APPELLANT**

Laura Kramer Rubadue
701 City Club Building
850 Euclid Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Kristin Karkutt
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1} Defendant-appellant, Jabreeze Burns, appeals his conviction for robbery. We affirm.

{¶ 2} In 2010, Burns was charged with two counts of burglary and aggravated robbery with one- and three-year firearm specifications. Burns pled guilty to robbery with a one-year firearm specification. The trial court sentenced Burns to six years for robbery, consecutive to one year for the firearm specification, for a total of seven years in prison. It is from this conviction that Burns appeals, raising the following assignments of error for our review:

> I. Defendant-appellant was denied due process of law where his guilty plea was not made knowingly, intelligently, and voluntarily when the trial court informed him he could anticipate a three year sentence when accepting defendant-appellant's plea.
>
> II. The trial court erred when it used unassociated offenses or acts as a reference for sentencing.
>
> III. The trial court erred when it sentenced the defendant-appellant to seven years imprisonment, where the minimum sentence available was three years imprisonment and defendant-appellant had no prior felony convictions.

Plea

{¶ 3} Crim.R. 11(C)(2) provides that in felony cases the court may refuse to accept and shall not accept a plea of guilty without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation

or for the imposition of community control sanctions at the sentencing hearing[;] (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence; and

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 4} The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). Although we review a trial court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion, the standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review. *State v. Cardwell*, Cuyahoga App. No. 92796, 2009-Ohio-6827, 2009 WL 4986105, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 5} A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." *Ballard*, paragraph two of the syllabus.

{¶ 6} With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *Veney* at ¶ 14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959 (4th Dist.1995).

{¶ 7} Further, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue. *Veney*, at ¶ 17.

{¶ 8} In the case at bar, our review of the record shows that the trial court adhered to the requirements of Crim.R. 11. During the plea colloquy, Burns affirmatively expressed that he understood his rights, and that he understood he was giving up those rights by entering a guilty plea.

{¶ 9} The trial court explained each count to Burns and informed him of the maximum time he could receive on each count, the effect of pleading guilty to a gun specification, and explained mandatory, discretionary, consecutive, and concurrent time to him. Burns now claims that the trial court promised him a sentence of three years in prison, but the record belies that claim.

**{¶ 10}** Burns argues that the trial court was promising him he would receive only three years in prison when the court stated, "he has got mandatory time of at least a year. You will get a basic two, so you will probably, will end with two plus one, that would be a minimum." But the trial court was merely explaining the *minimum* sentence that Burns could receive. In at least four other instances during the plea colloquy, the trial court informed Burns that he could receive two to eight years in prison for robbery plus an additional mandatory one year for the firearm specification. Burns told the trial court he understood his rights and the possible penalties associated with his plea.

**{¶ 11}** Based on the record, we find no fault with the plea colloquy or that Burns did not understand the rights that he waived or that his plea was not knowingly and intelligently made.

**{¶ 12}** The first assignment of error is overruled.

Sentencing

**{¶ 13}** In the second and third assignments of error, Burns challenges his sentence of seven years in prison.

**{¶ 14}** In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court addressed the standard for reviewing felony sentencing. *See also State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Appellate courts must apply the following two-step approach:

> First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether

the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard. *Kalish* at ¶ 26.

{¶ 15} Thus, in the first step of our analysis, we review whether the sentence is contrary to law as required by R.C. 2953.08(G). As the *Kalish* court noted, post- *Foster*, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." *Id.* at ¶ 11; *Foster*, paragraph seven of the syllabus. The *Kalish* court declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish* at ¶ 13. As a result, the trial court must still consider these statutes when imposing a sentence. *Id.*, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶ 38.

{¶ 16} R.C. 2929.11(A) provides that

a court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 17} The *Kalish* court noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes; rather, they "serve as an overarching guide for trial judges to consider in

fashioning an appropriate sentence." *Id.* Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." *Id.*

{¶ 18} Burns was sentenced to six years in prison for robbery, a felony of the second degree. R.C. 2911.02(A)(1) and (B). As such, the crime carries with it a possible penalty of two- to eight-years in prison. R.C. 2929.14. He was sentenced to an additional mandatory consecutive one year in prison for the firearm specification. R.C. 2941.141.

{¶ 19} Burns argues that because he had not previously served a prison term, R.C. 2929.14(B) required the trial court to make findings and provide reasons before imposing a sentence that was more than the minimum term of incarceration. But Burns supports his argument with authority that predates *Foster*; post-*Foster*, the trial court need not make findings when imposing more than the minimum sentence. *See State v. Wilson*, 8th Dist. No. 95553, 2011-Ohio-3463, 2011 WL 2731664. In light of the above, we conclude that Burns's sentence was not contrary to law.

{¶ 20} Next, we consider whether the trial court abused its discretion in imposing sentence. Burns argues that his sentence was based on facts not entered into evidence. Specifically, Burns claims the trial court improperly considered allegations that the victim's father made in his statement to the court during sentencing.

{¶ 21} R.C. 2930.14(B) provides that a trial court shall consider a victim's statement along with other mandated factors during sentencing but

[i]f the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing * * * or takes other appropriate action to allow the defendant * * * an adequate opportunity to respond to the new material facts.

**{¶ 22}** Here, the victim's father, who was present during part of the robbery, explained to the court how he and his family had been harassed and targeted by Burns and his family since Burns was indicted. He started to tell the court about a "rape case" Burns was involved in, but defense counsel objected and the trial court sustained the objection. The court then inquired about the continued harassment the victim had suffered since the charges were brought. Defense counsel asked if he should bring the defendant's grandmother in to rebut the victim's allegations of harassment. The trial court indicated that defense counsel could "present anybody you want" and the court would "be more than happy to hear from" the grandmother. Defense counsel then chose not to present any witnesses.

**{¶ 23}** Burns has failed to prove that the trial court improperly considered facts not entered into evidence during his sentencing hearing. Although the state does not dispute that the trial court considered Burns's continued harassment of the victim, the trial court gave Burns an adequate opportunity to respond pursuant to R.C. 2930.14(B). The trial court noted that guns were involved, that the harassment continued, and that Burns committed a random act of violence against the victim and his family. Therefore, the trial court did not abuse its discretion in sentencing Burns to seven years in prison.

**{¶ 24}** The second and third assignments of error are overruled.

Accordingly, judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES,  JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR