[Cite as *State v. Joseph*, 2014-Ohio-2733.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos.   13AP-752 |
| | | (M.C. No. 13CRB-3826) |
| v. | : | &      13AP-753 |
| | | (M.C. No. 13CRB-7020) |
| Jamigo I. Joseph, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 24, 2014

*Richard C. Pfeiffer, Jr.,* City Attorney, and *Orly Ahroni,* for appellee.

*Yeura Venters,* Public Defender, and *Timothy E. Pierce,* for appellant.

APPEALS from the Franklin County Municipal Court

CONNOR, J.

{¶ 1} Defendant-appellant, Jamigo I. Joseph, appeals from a judgment of the Franklin County Municipal Court, finding him guilty, pursuant to guilty plea, of two charges of violating a protection order, in violation of R.C. 2919.27. Because (1) R.C. 2930.14 does not apply to this action, (2) the trial court did not deprive defendant of his right to due process of law, and (3) the trial court did not deprive defendant of his rights under Crim.R. 32(A), we affirm.

## I.    FACTS AND PROCEDURAL HISTORY

{¶ 2} On April 2, 2012, in case No. 12CRB-6987, defendant pled guilty to the charge of violating a protection order, a misdemeanor of the first degree. The protected person under the protection order was Angel Washington. The court sentenced defendant to a 180-day prison term, but suspended 90 days of the prison term, and

placed defendant on one year of reporting probation. As part of his probation requirements, defendant was obligated to complete a domestic violence counseling class, to stay away from Washington, and not to incur any new charges.

{¶ 3}   On January 23, 2013, the court signed an entry extending defendant's probation until April 2, 2014, or until defendant completed domestic violence counseling. On February 19, 2013, defendant's probation officer informed the court that defendant had violated his probation by incurring a new charge for violating a protection order. On July 26, 2013, defendant's probation officer informed the court that defendant had violated his probation by incurring another charge for violating a protection order charge and because defendant was unsuccessfully terminated from his domestic violence counseling for excessive absences. Defendant's probation officer recommended that defendant's probation be revoked for these violations.

{¶ 4}   On February 17, 2013, under case No. 13CRB-3826, the state filed a complaint against defendant for violating a protection order, a misdemeanor of the first degree. The complaint stated that on January 30, 2013, defendant violated the terms of a protection order by making contact with Washington via telephone. On March 24, 2013, under case No. 13CRB-7020, the state filed a complaint against defendant for violating a protection order, a misdemeanor of the first degree. The complaint stated that on March 23, 2013, defendant violated the terms of a protection order by making contact with Washington via telephone. On August 5, 2013, the court held a joint probation revocation hearing, plea hearing, and sentencing hearing on the three separate cases.

{¶ 5}   At the hearing, the court noted that the attorneys had worked out a plea bargain whereby defendant would plead guilty to the two new charges violating a protection order, and the court would revoke defendant's probation in case No. 12CRB-6987. The court engaged in a plea colloquy with the defendant and accepted defendant's guilty plea to the two new charges.

{¶ 6}   The state noted that the prosecuting witness, Washington, was present in court and had "provided the Court with a copy of the victim impact statement under [R.C.] 2930.14." (Tr. 4.) The prosecutor asked for the maximum sentence on the charges, noting that the two new charges were the "sixth and seventh violations of the

same [protection] order with the same prosecuting witness." (Tr. 4.) Defense counsel noted that the parties had "discussed these cases off the record prior to going on the record here today," and noted it was her understanding that the court was planning to "review the victim impact statement as part of the Court's [sentencing] decision." (Tr. 5-6.) Defense counsel objected "to the Court reviewing that without defense counsel being permitted to see it first." (Tr. 6.) The prosecutor noted the state was requesting that the victim's letter not be shared with the defendant "simply because of the sensitive nature of what is contained in there." (Tr. 7.) The parties made the victim's letter an exhibit for purposes of the instant appeal.

{¶ 7}  The court terminated defendant's probation in case No. 12CRB-6987, sentenced defendant to a 154-day prison term for the charge in case No. 13CRB-3826 and to a 154-day prison term for the charge in case No. 13CRB-7020, and credited defendant with 14 days for time served. The court ordered that defendant serve the two prison terms consecutively. The court informed defendant that he did not give defendant the maximum sentence of "365 [days] because you came right out and admitted you did wrong." (Tr. 10.) However, the court informed defendant that he wanted to give him "enough time so you know you are not to contact her any more or there is more jail time coming to you." (Tr. 10.)

## II.    ASSIGNMENTS OF ERROR

{¶ 8}  Defendant appeals, assigning the following errors:

> **First Assignment of Error:** During Appellant's sentencing hearing the lower court erred by relying on an *ex parte* communication from the victim in letter form containing new material facts relevant to punishment without continuing the sentencing or taking other appropriate action to allow Appellant and his attorney an adequate opportunity to respond to the new material facts. The court's reliance on this *ex parte* communication violated R.C. 2930.14(B) as well as Appellant's right to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.
>
> **Second Assignment of Error:** By denying Appellant access to the victim's letter or taking other appropriate

actions affording Appellant and his attorney an opportunity to respond to its contents the lower court violated Rule 32 of the Ohio Rules of Criminal Procedure thereby implicating Appellant's right to allocution and to present mitigation in response to this *ex parte* evidence the court relied upon at sentencing.

## III.    FIRST ASSIGNMENT OF ERROR – R.C. 2930.14 AND DUE PROCESS

{¶ 9}   Defendant's first assignment of error asserts the trial court violated R.C. 2930.14(B) in imposing defendant's sentence because the court relied on the victim's letter which contained new material facts, but the court did not allow defendant an adequate opportunity to respond to the new material facts. Defendant further asserts that, by relying on the victim's letter in imposing sentence but not allowing defendant to view the letter, the court violated defendant's right to due process of law. We note that it is unclear from the record whether the trial court relied on the letter, or merely considered it, in imposing sentence.

{¶ 10} The state addresses defendant's substantive arguments regarding R.C. 2930.14(B), but then notes that the statute is inapplicable to the instant action as defendant was sentenced for two misdemeanor violations of violating a protection order. After reviewing the applicable statutes, we agree that R.C. 2930.14 does not apply to this action. R.C. 2930.14 provides as follows:

> (A) Before imposing sentence upon, or entering an order of disposition for, a defendant or alleged juvenile offender for the commission of a crime or specified delinquent act, the court shall permit the victim of the crime or specified delinquent act to make a statement. The court may give copies of any written statement made by a victim to the defendant or alleged juvenile offender and defendant's or alleged juvenile offender's counsel and may give any written statement made by the defendant or alleged juvenile offender to the victim and the prosecutor. The court may redact any information contained in a written statement that the court determines is not relevant to and will not be relied upon in the sentencing or disposition decision. The written statement of the victim or of the defendant or alleged juvenile offender is confidential and is not a public record as used in section 149.43 of the Revised Code. Any person to whom a copy of a written statement was released by the

court shall return it to the court immediately following sentencing or disposition.

(B) The court shall consider a victim's statement made under division (A) of this section along with other factors that the court is required to consider in imposing sentence or in determining the order of disposition. If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing or dispositional proceeding or takes other appropriate action to allow the defendant or alleged juvenile offender an adequate opportunity to respond to the new material facts.

{¶ 11} R.C. 2930.01 provides definitions for the terms used in Chapter 2930 of the Revised Code. Notably, R.C. 2930.01(A) defines "crime" to mean any of the following:

(1) A felony;

(2) A violation of section 2903.05, 2903.06, 2903.13, 2903.21, 2903.211, 2903.22, 2907.06, 2919.25, or 2921.04 of the Revised Code, a violation of section 2903.07 of the Revised Code as it existed prior to March 23, 2000, or a violation of a substantially equivalent municipal ordinance;[1]

(3) A violation of division (A) or (B) of section 4511.19, division (A) or (B) of section 1547.11, or division (A)(3) of section 4561.15 of the Revised Code or of a municipal ordinance substantially similar to any of those divisions that is the proximate cause of a vehicle, streetcar, trackless trolley, aquatic device, or aircraft accident in which the victim receives injuries for which the victim receives medical treatment either at the scene of the accident by emergency medical services personnel or at a hospital, ambulatory care facility, physician's office, specialist's office, or other medical care facility.

(4) A motor vehicle accident to which both of the following apply:

---

[1] The cited code sections are for the crimes of negligent homicide, aggravated vehicular homicide, assault, aggravated menacing, menacing by stalking, menacing, sexual imposition, domestic violence, intimidation, and vehicular homicide as it existed prior to March 23, 2000.

(a) The motor vehicle accident is caused by a violation of a provision of the Revised Code that is a misdemeanor of the first degree or higher.

(b) As a result of the motor vehicle accident, the victim receives injuries for which the victim receives medical treatment either at the scene of the accident by emergency medical services personnel or at a hospital, ambulatory care facility, physician's office, specialist's office, or other medical care facility.

{¶ 12} R.C. 2930.01(H) defines a "victim" as "[a] person who is identified as the victim of a crime * * * in a police report or in a complaint." Thus, as these definitions demonstrate, in order to be the "victim of a crime" entitled to make a statement under R.C. 2930.14(A), the crime at issue must be a felony or one of the crimes listed in R.C. 2930.01(A)(2) through (4). Defendant was sentenced on two different charges of violating a protection order, in violation of R.C. 2919.27, and both charges were misdemeanors of the first degree. As R.C. 2919.27 is not listed in R.C. 2930.14(A), and the charges were misdemeanor offenses, R.C. 2930.14 did not apply to the instant action.

{¶ 13} Because defendant was sentenced for two misdemeanor violations, the misdemeanor sentencing statutes, R.C. 2929.21 and 2929.22, applied to defendant's sentencing hearing. R.C. 2929.21 provides that, "[a] court that sentences an offender for a misdemeanor * * * shall be guided by the overriding purposes of misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). R.C. 2929.22 provides, in pertinent part, that "[a] sentencing court shall consider any relevant oral or written statement made by the victim * * * regarding sentencing for a misdemeanor. This division does not create any rights to notice other than those rights authorized by Chapter 2930 of the Revised Code." R.C. 2929.22(D)(1).

{¶ 14} Pursuant to R.C. 2929.22(D)(1), the trial court was obligated to consider the victim's written statement, and defendant had no right to notice of the statement, unless he had a right to such notice under Chapter 2930 of the Revised Code. Because a misdemeanor offense for violating a protection order is not a crime to which Chapter

2930 of the Revised Code applies, defendant did not have a statutory right to notice of the victim's letter. *Compare State v. Beachy*, 9th Dist. No. 02CA0020, 2003-Ohio-1285, ¶ 5.

{¶ 15} Defendant further asserts that the trial court violated his right to due process of law when the court refused to let defendant see the victim's letter before imposing sentence. Defendant cites to *United States v. Hayes*, 171 F.3d 389 (6th Cir.1999) and *United States v. Hamad*, 495 F.3d 241 (6th Cir.2007) for the proposition that "a sentencing court's failure to allow the defense access to victim impact letters it relies upon when imposing punishment has been deemed violative of due process." (Appellant's brief, 11.) The Sixth Circuit, however, reviewed and distinguished both *Hayes* and *Hamad* in *Stewart v. Erwin*, 503 F.3d 488 (6th Cir.2007). In *Stewart,* the defendant asserted that he was denied due process of law because he was not permitted to review the victim impact statements the trial court had relied on to justify Stewart's prison term. The court in *Stewart* held that there is "no clearly established federal constitutional right to full disclosure of all information used by a trial judge in determining a defendant's sentence," but further held that there is "a clearly established federal due process protection against a trial court's reliance on materially false information at sentencing." *Id.* at 491. Thus, pursuant to *Stewart*, defendant did not have a due process right "to review, rebut, and explain all of the information relied upon by the state trial court in determining his sentence," as due process only protects against "sentencing determination[s] that rest in part upon materially false information." *Id.* at 498.

{¶ 16} There is nothing in the record to indicate that the trial court relied on the statements contained in the victim's letter when imposing defendant's sentence, or that the statements in the letter were materially false. *See State v. Piesciuk*, 12th Dist. No. CA2007-04-086, 2008-Ohio-4054, ¶ 33 (finding no evidence of a due process violation, as there was "no indication that the trial court relied on the victim impact statement in making its restitution order as to the victims subject to the remand, nor that any information contained in the victim impact statement was materially false"); *State v. Smith*, 2d Dist. No. 21463, 2008-Ohio-6330, ¶ 66 (noting that pursuant to *Stewart v. Erwin*, "[i]n order to establish such a due process violation based on the use of false

information in sentencing, Smith must show that the information in question was materially false and that the trial court relied on it"); *State v. Bayless*, 4 Ohio App.3d 301, 302 (9th Dist.1982) (finding no due process violation as there was "no evidence that materially false or clearly erroneous information [was] in * * * the victim impact statement, or that such false or erroneous information was relied upon"). Moreover, although inapplicable here, as R.C. 2930.14(A) and R.C. 2947.051(C), regarding felony sentencing, specifically vest trial courts with discretion to determine whether to disclose a victim impact statement to a defendant, we would be reluctant to find that a court's proper exercise of such discretion amounted to a due process violation. *See State v. Stewart*, 149 Ohio App.3d 1, 2002-Ohio-4124, ¶ 8 (12th Dist.) (where the trial court refused to let the defendant view victim impact statements before the court imposed sentence, the court noted that "[i]n light of the trial court's sound discretion as expressly granted by R.C. 2947.051 and based upon the record before us, we find no violation of due process"); *Piesciuk* at ¶ 32 (noting that pursuant to R.C. 2947.051(C), it was "within the trial court's discretion whether to make a victim impact statement available to a defendant," and finding no due process violation under *Stewart v. Erwin*). *Compare State v. Hufnagel*, 7th Dist. No. 12 MA 195, 2014-Ohio-1799, ¶ 23.

{¶ 17} Defendant has failed to establish that the trial court violated a statute or deprived defendant of due process of law when it did not allow defendant to view the victim's letter prior to imposing sentence. Based on the foregoing, defendant's first assignment of error is overruled.

## III. SECOND ASSIGNMENT OF ERROR – CRIM.R. 32

{¶ 18} Defendant's second assignment of error asserts that the trial court violated defendant's rights under Crim.R. 32(A) by denying defendant access to the victim's letter.

{¶ 19} Crim.R. 32(A)(1) governs a defendant's right to allocution. Pursuant to Crim.R. 32(A)(1), before imposing sentence, the court must "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Crim.R. 32(A)(1). The "Crim.R. 32 inquiry is much more that an empty ritual: it represents a defendant's last opportunity to plead his

case or express remorse." *State v. Green*, 90 Ohio St.3d 352, 359-60 (2000). The requirement of allocution is fulfilled when the court's conduct clearly shows the defendant and his counsel each had a right to make a statement before sentence is imposed. *Defiance v. Cannon*, 70 Ohio App.3d 821, 828 (3d Dist.1990). "In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." *State v. Campbell*, 90 Ohio St.3d 320, 326 (2000).

{¶ 20} The record demonstrates that defense counsel presented mitigating evidence, noting that the court was already "aware of the nature of the alleged contact," and that the court was "aware of defense's position, which is, the prosecuting witness has also been having contact and violating said order." (Tr. 5.) The trial court also addressed the defendant and asked him if he wished to make a statement, and defendant said no. Accordingly, we find that the trial court complied with Crim.R. 32(A). Because defendant did not have a statutory or due process right to view the victim's letter, the trial court did not violate defendant's right to allocution under Crim.R. 32(A) when the court sentenced defendant without allowing him to view the victim's letter.

{¶ 21} Based on the foregoing, defendant's second assignment of error is overruled.

## IV.   DISPOSITION

{¶ 22} Having overruled defendant's first and second assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

SADLER, P.J. and LUPER SCHUSTER, J., concur.

_____