[Cite as *State v. Ettenger*, 2019-Ohio-2085.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-326 |
| | | (C.P.C. No. 17CR-6724) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Jeffrey C. Ettenger, | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on May 28, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Jeffrey C. Ettenger, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to a period of three years of community control for his failure to verify address conviction. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In December 2017, plaintiff-appellee, State of Ohio, indicted Ettenger on one count of failure to verify address in violation of R.C. 2950.06, a third-degree felony (Count 1), and one count of failure to provide notice of change of address in violation of R.C. 2950.05, a third-degree felony (Count 2). Ettenger initially pleaded not guilty. In February 2018, however, he withdrew his not guilty plea and pleaded guilty to the stipulated lesser-

included offense of Count 1, failure to verify address as a fourth-degree felony. A nolle prosequi was entered as to Count 2.

{¶ 3} The trial court sentenced Ettenger in April 2018. At the sentencing hearing, the parties discussed Ettenger's 2006 sexually oriented offense conviction that was based on conduct in 2002. For that offense, Ettenger was placed on community control; however, his supervision was revoked and he went to prison in 2009. He was released from prison in 2010 and placed on post-release control. The post-release control ended in July 2016 and the case was terminated. At the April 2018 sentencing hearing, Ettenger represented to the court that he had completed a mandatory sex offender treatment program during his incarceration for the 2002 offense. The trial court sentenced Ettenger to 3 years of community control, with a suspended 18-month prison sentence. It ordered Ettenger to serve his community control sentence on the probation department's intensive supervision sex offender caseload. The court also ordered him to "complete the sex offender program if he has not already completed the program." (Apr. 10, 2018 Jgmt. Entry at 2.)

{¶ 4} Ettenger timely appeals.

## II. Assignment of Error

{¶ 5} Ettenger assigns the following error for our review:

> The lower court erred when it imposed as a condition of community control for failure to verify address, a felony of the fourth degree under R.C. 2950.06, that Appellant be placed on the special sex offender probationary caseload and complete a sex offender treatment program. The court's actions violated Appellant's Right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution, the Due Course of Law provisions of Article I, Sections 1 and 16 of the Ohio Constitution, R.C. 2929.15, and R.C. 2929.17.

## III. Discussion

{¶ 6} In his sole assignment of error, Ettenger asserts the trial court erred in imposing, as a condition of community control, the requirements that he be placed on the probation department's intensive supervision sex offender caseload and complete a sex offender treatment program if he has not already completed the program. This assignment of error lacks merit.

{¶ 7}   A court sentencing an offender for committing a felony "shall be guided by the overriding purposes of felony sentencing."  R.C. 2929.11(A).  "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender."  R.C. 2929.11(A).  "If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender," the trial court may impose one or more community control sanctions, including residential, nonresidential, and financial sanctions, and any other conditions that it considers "appropriate."  R.C. 2929.15(A)(1); *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, ¶ 10.  In fashioning the appropriate sentence for an offense, the sentencing court may consider facts beyond the offense itself, such as prior misconduct.  *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, ¶ 15 (2d Dist.).  In view of this broad discretion, we review a trial court's imposition of community control sanctions under an abuse of discretion standard.  *Id.*  An abuse of discretion connotes a decision that was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 8}   While a trial court has broad discretion in imposing community control sanctions, its discretion is not limitless.  *Talty* at ¶ 11; *State v. White*, 10th Dist. No. 14AP-1027, 2015-Ohio-3844, ¶ 5.  Community control conditions, like probation conditions previously, must reasonably relate to the goals of community control: rehabilitation, administering justice, and ensuring good behavior.  *Talty* at ¶ 16.  To determine whether a condition of community control serves those purposes, "courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation [now community control]."  *State v. Jones*, 49 Ohio St.3d 51, 53 (1990); *Talty* at ¶ 16 (finding the *Jones* test applicable to community control sanctions); *see Mansfield v. Hatfield*, 5th Dist. No. 10CA48, 2010-Ohio-5567, ¶ 15 (the appellant's probationary conditions of completing "Domestic Violence Court" and "DOVE" domestic violence counseling were not rationally related to the underlying facts of the appellant's traffic offense).  Further, these community control conditions "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty."  *Jones* at 52.

{¶ 9} Ettenger asserts the community control conditions imposed in this case requiring his placement on the sex offender caseload and his completion of a sex offender treatment program are improper and violate his rights because his failure to verify address conviction is not a sexually oriented offense. He therefore contends the challenged conditions are not related to the offense in this case and they do not rehabilitate him for this offense. He also argues the trial court abused its discretion in imposing the challenged conditions due to the time lapse between when he committed the sexually oriented offense and his sentencing in this matter and because those conditions are not designed to deter future violations of the registration laws. These arguments are unpersuasive.

{¶ 10} Ettenger is correct that his failure to verify address conviction is not a sexually oriented offense. *See* R.C. 2950.01(A) (defining "sexually oriented offense"). But his obligation to verify his address arises from him committing a sexually oriented offense and his status as a sex offender. *See* R.C. 2950.06(A) (requiring address verification for an offender who is required to register a residence address pursuant to R.C. 2950.04 or 2950.041). "The General Assembly has seen fit to impose registration sanctions in cases involving sex offenses to protect the public," as sex offenders pose an increased risk to public safety due to the likelihood of recidivism among sex offenders. *State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, ¶ 36; *State v. Young*, 4th Dist. No. 17CA11, 2018-Ohio-4990, ¶ 13; *In re D.D.*, 5th Dist. No. 2015CA0043, 2015-Ohio-3999, ¶ 20; *see State v. Ritchey*, 3d. Dist. No. 1-15-80, 2016-Ohio-2878, ¶ 32 ("Having sex offenders register with their local sheriff's office and having their information being of public record is related to the overall goal of protecting the public by keeping the public informed of the whereabouts of convicted sex offenders."); *State v. Conley*, 9th Dist. No. 27869, 2016-Ohio-5310, ¶ 14 (imposing registration requirements for sex offenders serves the "penological aim of reducing recidivism among sex offenders").

{¶ 11} The sanctions imposed here support Ettenger's rehabilitation, the administration of justice, and ensuring good behavior. In 2006, Ettenger was convicted of attempted unlawful sexual conduct with a minor. He was sentenced to community control and designated as a Tier I sex offender. Because he violated the terms of his supervision, he went to prison in 2009. He was released from prison in 2010. In 2015, Ettenger was convicted of attempted failure to provide notice of change of address. Then, in 2017, he

again failed to comply with the registration laws and was convicted in this case for failure to verify address. The community control conditions imposed as part of his sentence in this case relate to his sexually oriented offense conviction because the registration requirement that he violated arose due to him committing the sexually oriented offense. Ettenger's placement on the sex offender caseload ensures he will be supervised by a probation officer who specializes in supervising probationers who have been convicted of one or more sex offenses. As part of that supervision, the specialized probation officer can monitor Ettenger's compliance with registration requirements which he violated more than once within the last few years. The trial court's order that Ettenger complete a sex offender treatment program if he had not already completed the program also serves to protect the public. The record indicates that Ettenger was unsuccessfully terminated from sex offender treatment during his period of intensive supervision on the sex offender caseload for the underlying sexually oriented offense conviction. Ettenger asserted at the sentencing in this matter that he has completed a sex offender program. If his assertion is appropriately verified, then that condition has been met. If, however, he has not completed such a program, requiring him to complete the program is consistent with his rehabilitation and the effort to reduce the likelihood of recidivism. Therefore, the imposed community control conditions that Ettenger challenges reasonably support the goals of community control, and they are not overly broad so as to unnecessarily impinge on his liberty.

{¶ 12} Accordingly, we overrule Ettenger's sole assignment of error.

## IV. Disposition

{¶ 13} Having overruled Ettenger's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and BEATTY BLUNT, JJ., concur.

———————————