[Cite as *State v. Ali*, 2019-Ohio-3864.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | No. 18AP-935 |
| | | (C.P.C. No. 17CR-4551) |
| Plaintiff-Appellee, | : | and |
| | | No. 18AP-936 |
| v. | : | (C.P.C. No. 18CR-0875) |
| | | and |
| Jibril M. Ali, | : | No. 18AP-938 |
| | | (C.P.C. No. 18CR-2472) |
| Defendant-Appellant. | : | |
| | | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on September 24, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher.*

**On brief:** *Dennis C. Belli*, for appellant. **Argued:** *Dennis C. Belli.*

APPEALS from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Jibril M. Ali, appeals from three judgment entries of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty pleas, of robbery, theft, and receiving stolen property. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} This appeal results from Ali's convictions under three separate indictments. First, by indictment filed August 17, 2017, plaintiff-appellee, State of Ohio, charged Ali with one count of receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree ("the first indictment"). The first indictment stemmed from an incident in which Ali fled from the vicinity of a stolen vehicle. Subsequently, on February 22, 2018, the state

indicted Ali on two counts of robbery in violation of R.C. 2911.02, one a felony of the second degree and one a felony of the third degree ("the second indictment"). The second indictment related to Ali's participation in the robbery of a CVS Pharmacy. Finally, on May 21, 2018, the state indicted Ali on one count of theft in violation of R.C. 2913.02, a felony of the fifth degree; one count of aggravated robbery in violation of R.C. 2911.01, a felony of the first degree, along with an accompanying firearm specification pursuant to R.C. 2941.145(A); and two counts of robbery in violation of R.C. 2911.02, one a felony of the second degree and one a felony of the third degree, along with accompanying firearm specifications pursuant to R.C. 2941.145(A) ("the third indictment"). The third indictment related to Ali's involvement in the separate thefts of iPhones from two different victims.

{¶ 3} On June 25, 2018, Ali appeared before the trial court and entered guilty pleas related to the first indictment and the second indictment. Pursuant to a plea agreement with the state, Ali entered a guilty plea to one count of receiving stolen property, a fifth-degree felony, in the first indictment and one count of second-degree felony robbery in the second indictment. The trial court accepted Ali's guilty pleas and ordered a presentence investigation report ("PSI") before sentencing.

{¶ 4} After entering his guilty pleas related to the first indictment and the second indictment, but prior to being sentenced, Ali was arrested on the third indictment. Following his arrest, Ali appeared before the trial court on October 15, 2018 and entered a guilty plea to one count of fifth-degree felony theft and one count of second-degree felony robbery without the accompanying firearm specification. The state agreed to a nolle prosequi on the other charges in Ali's three indictments.

{¶ 5} The trial court conducted one sentencing hearing on October 30, 2018 for all three cases. During the sentencing hearing, the trial court heard statements from the detective who investigated the CVS robbery and from one of the victims of the iPhone robbery. At the conclusion of the sentencing hearing, the trial court ordered Ali to serve 11 months in prison for the receiving stolen property conviction stemming from the first indictment, 11 months for the theft conviction stemming from the second indictment, 4 years for the robbery conviction stemming from the second indictment, and 3 years for the robbery conviction stemming from the third indictment. The trial court ordered Ali to serve the sentences consecutively for an aggregate prison term of 8 years and 10 months. The

trial court journalized Ali's convictions and sentence in three separate judgment entries filed November 7 and November 15, 2018. Ali timely appeals. This court sua sponte consolidated all three cases for purposes of appeal.

## II. Assignments of Error

{¶ 6}   Ali assigns the following errors for our review:

[1.] The trial court's reliance on unproven accusations of other crimes and previously undisclosed facts violated R.C. 2930.14 and defendant-appellant's Fourteenth Amendment right to due process and a fundamentally fair sentencing proceeding.

[2.] The imposition of a prison term for defendant-appellant's fifth degree felony receiving stolen property conviction violated the mandatory community control sentencing provisions of R.C. 2929.13(B)(1)(a) and resulted in plain error.

[3.] The imposition of consecutive prison terms without a proportionality finding required by R.C. 2929.14(C)(4) resulted in plain error.

[4.] Defendant-appellant was denied his right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

## III.  First Assignment of Error – Application of R.C. 2930.14

{¶ 7}    In his first assignment of error, Ali argues the trial court erred in imposing his sentence. More specifically, Ali asserts the trial court erroneously relied on accusations of other criminal conduct and previously undisclosed facts in fashioning his sentence.

{¶ 8}   An appellate court will not reverse a trial court's decision unless the evidence is clear and convincing that either the record does not support the sentence or that the sentence is contrary to law. *State v. Chandler*, 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 10, citing *State v. Maxwell*, 10th Dist. No. 02AP-1271, 2004-Ohio-5660, ¶ 27, citing *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 10. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1 ("an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law"). "In determining whether a sentence is contrary to law, an appellate court must review the record to determine whether the trial court considered the appropriate

statutory factors, made the required findings, gave the reasons for its findings, and properly applied the statutory guidelines." *Maxwell* at ¶ 27, citing *State v. Altalla*, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, ¶ 7.

{¶ 9}  Ali argues the trial court erred in relying on the contents of the victim impact statements in determining his sentence.  Pursuant to R.C. 2930.14, a trial court "shall permit" a victim or victim's representative make a statement to the court prior to imposing sentence.  R.C. 2930.14(A).  Further, R.C. 2930.14 provides:

> (B) The court shall consider a victim's statement made under division (A) of this section along with other factors that the court is required to consider in imposing sentence or in determining the order of disposition. If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing or dispositional proceeding or takes other appropriate action to allow the defendant or alleged juvenile offender an adequate opportunity to respond to the new material facts.

{¶ 10} At Ali's sentencing hearing, the trial court heard from a detective who investigated Ali's involvement in the CVS robbery as a victim's representative and from one of the victims of the iPhone thefts.  In his statement, the detective indicated that Ali was involved in a string of robberies of CVS and Kroger pharmacies even though the state only indicted him for his conduct related to the robbery of one CVS Pharmacy.  Additionally, the victim of the iPhone robbery stated during his victim impact statement that the robbery occurred in front of his young son, information Ali alleges was not known to him prior to sentencing.  We address each of these statements in turn.

### A.  Detective's Allegations of Ali's Participation in Additional Robberies

{¶ 11}  During his statement to the trial court, the police detective spoke about Ali's involvement in the robbery of the CVS Pharmacy, but went on to state there was a "larger issue at hand," and indicated Ali had a "leading role" in convincing other juveniles to participate in a string of pharmacy robberies throughout Columbus.  (Oct. 30, 2018 Sentencing Tr. at 15-17.)  The detective closed his statement by stating that "there is a bigger issue" and that the "case isn't done with yet, and there [are] still aspects of it that are ongoing." (Sentencing Tr. at 17.)  Ali argues the detective's statements about other alleged, uncharged criminal conduct deprived him of due process during the sentencing phase.

{¶ 12} Initially, we note that in imposing a sentence, the Supreme Court of Ohio has noted that "the function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it." *State v. Burton*, 52 Ohio St.2d 21, 23 (1977). Consistent with that purpose, R.C. 2929.19 permits a trial court to consider "information relevant to the imposition of sentence" in crafting an appropriate sentence. R.C. 2929.19(A) and (B). As such, "it is well-established in Ohio law that the court may consider information beyond that strictly related to the conviction offense," including "the offender's prior arrests, even if none yields prosecution," "facts that support a charge of which the offender is ultimately acquitted," and even "mere allegations of crimes for which the offender is never prosecuted." *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, ¶ 15 (2d. Dist.), citing *Burton* at 23 ("[i]t is well-established that a sentencing court may weigh such factors as arrests for other crimes"), *State v. Wiles*, 59 Ohio St.3d 71, 78 (1991) ("[i]t is well established that a sentencing judge may take into account facts introduced at trial relating to other charges, even ones of which the defendant has been acquitted"), and *State v. Cooey*, 46 Ohio St.3d 20, 35 (1989) (allegations of uncharged criminal conduct included in a PSI report may be considered as part of the offender's social history).

{¶ 13} The allegations of Ali's involvement in recruiting and organizing other juveniles to participate in other pharmacy robberies was information relevant to the imposition of the sentence pursuant to R.C. 2929.19 and the above case law. *State v. Ettenger*, 10th Dist. No. 18AP-326, 2019-Ohio-2085, ¶ 7 ("[i]n fashioning the appropriate sentence for an offense, the sentencing court may consider facts beyond the offense itself, such as prior misconduct"), citing *Bowser* at ¶ 15; *State v. Gore*, 10th Dist. No. 15AP-686, 2016-Ohio-7667, ¶ 12; *State v. Banks*, 10th Dist. No. 10AP-1065, 2011-Ohio-2749, ¶ 24. Thus, the trial court did not err in considering this information before fashioning the appropriate sentence.

{¶ 14} Moreover, to the extent Ali argues the trial court violated R.C. 2930.14(B) by "relying" on this "material fact" of his alleged involvement in additional robberies, we disagree. Though the trial court did incorrectly reference multiple stores, the trial court clearly stated it was "certainly not sentencing [Ali] based on what the state has indicated may be forthcoming, just with the convictions that are before" the trial court. (Sentencing Tr. at 46.) Additionally, despite the incorrect reference to multiple pharmacies, the trial

court repeatedly referred to the robbery of "a" store, indicating it understood it was sentencing Ali for the robbery of one CVS Pharmacy. (Sentencing Tr. at 41.) It is clear from the record, therefore, that to the extent the information about the additional robberies could be considered "new material facts" within the meaning of R.C. 2930.14(B), the trial court did not rely on that information but merely considered it.

{¶ 15} Similarly, the trial court's consideration of the allegations of other criminal conduct prior to fashioning a sentence did not deprive Ali of due process, as he argues. As this court has noted, to trigger a due process claim resulting from the information before a trial court at sentencing, a defendant must show, as a threshold matter, that the trial court *relied* on that information rather than merely considered it. *State v. Joseph*, 10th Dist. No. 13AP-752, 2014-Ohio-2733, ¶ 15, citing *Stewart v. Erwin*, 503 F.3d 488, 491, 498 (6th Cir.2007). As we noted above, the record is clear here that the trial court did not rely on the information about the other robberies. Accordingly, Ali's argument that the trial court was in violation of R.C. 2930.14(B) or that it deprived him of due process of law when it permitted the detective to speak about allegations of Ali's other criminal conduct lacks merit.

### B. Robbery Victim's Statement Regarding the Presence of His Child

{¶ 16} Ali also argues the trial court erroneously relied on the statement of one of the victims of the iPhone robberies. Specifically, the victim stated the robbery occurred in the presence of his eight-year-old son. In imposing the sentence related to the iPhone robberies, the trial court then stated:

> First, I can consider factors indicating that your conduct is more serious than conduct normally constituting the offense. The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
>
> Before hearing from [the victim], there were no circumstances that indicated that that factor would be present. The court was not made aware of any victims who had any physical or mental conditions that would have exacerbated the offense. But today the court has learned that [the victim's] eight-year-old son was present at the time that you attempted to rob [the victim] of his cell phone.

(Sentencing Tr. at 31-32.)   The trial court then stated it would "find that that factor is present" based on the presence of the young child during the robbery.   (Sentencing Tr. at 32.)

{¶ 17}   Based on this exchange, Ali argues the trial court clearly relied on the victim's statement regarding the presence of his young son.   Moreover, Ali argues the trial court's reliance on this information was in violation of R.C. 2930.14(B) because this statement constituted "new material facts."   Notably, the trial court asked Ali during sentencing whether he saw the child during the robbery and Ali stated he did not.   The trial court then reiterated that the victim stated his young son was present and stated it was "going to believe what it is that [the victim] has said."   (Sentencing Tr. at 39.)

{¶ 18}   Ali now asserts that the trial court violated R.C. 2930.14(B) when it did not continue the sentencing proceeding upon learning the new material facts.   We note, however, that Ali did not request a continuance of the sentencing proceeding, and other appellate districts in Ohio have not construed R.C. 2930.14(B) as requiring the sentencing court to sua sponte continue the sentencing proceedings where the defendant fails to request a continuance.   *See State v. Hufnagel*, 7th Dist. No. 12 MA 195, 2014-Ohio-1799, ¶ 21 ("after a defendant has been aware that there is some new information the court 'use[d]' in imposing sentence upon a defendant, and the defendant does not seek a continuance to rebut that information, then such information will *not* be found to constitute "new material facts" that trigger the continuance requirement in R.C. 2930.14(B)' "), quoting *State v. Marple*, 12th Dist. No. CA2004-09-073, 2005-Ohio-6272, ¶ 38, citing *State v. Brown*, 146 Ohio App.3d 654, 660 (1st Dist.2001).   *See also State v. Rivera*, 8th Dist. No. 101616, 2015-Ohio-1302, ¶ 16 ("where it is clear from the record that the defendant is aware of the information, and did not seek a continuance to rebut that information, then such information will not be found to constitute 'new material facts' that trigger the continuance requirement"), citing *State v. Rose*, 3d Dist. No. 05-06-32, 2007-Ohio-2863, ¶ 14.

{¶ 19}   Additionally, under the plain language of R.C. 2930.14(B), where a trial court relies on "new material facts" in imposing the sentence, it is directed either to continue the sentencing proceeding *or* take "other appropriate action to allow the defendant * * * an adequate opportunity to respond to the new material facts."   Allowing a defendant an opportunity to respond to the victim's statement at the sentencing hearing can provide an

"adequate opportunity to respond to the new material facts" within the meaning of R.C. 2930.14(B). *See State v. Hites*, 3d Dist. No. 6-11-07, 2012-Ohio-1892, ¶ 22 ("[t]he record demonstrates that immediately after the statement of the victim's parents was read, the trial court gave [the defendant] an opportunity to respond to the statement prior to imposing her sentence," defeating the defendant's claim of error under R.C. 2930.14(B)); *State v. Burns*, 8th Dist. No. 97068, 2012-Ohio-491, ¶ 22-23 (engaging in discussion with defendant's trial counsel about whether defendant might wish to bring in additional witnesses to rebut information contained in a victim impact statement was an "adequate opportunity to respond pursuant to R.C. 2930.14(B)" even where defense counsel ultimately decided not to present any witnesses); *State v. Clifford*, 7th Dist. No. 09 JE 32, 2010-Ohio-4867, ¶ 52 ("[t]he plain language of R.C. 2930.14 does not require the trial court to solicit a personal statement from the defendant in response," as "[a] response from defense counsel" during the sentencing hearing without requesting a continuance "completely satisfied any applicable statutory requirements"); *State v. Stone*, 2d Dist. No. 24554, 2012-Ohio-630, ¶ 15 (finding no error under R.C. 2930.14(B) where the defendant and his counsel were given the opportunity to address the victim's mother's statement at the sentencing hearing).

{¶ 20} Here, the trial court allowed Ali to respond to the information contained in the victim impact statement twice: once immediately after the statement of the victim of the iPhone robbery and again at the end of the sentencing hearing just prior to the trial court announcing Ali's sentence. Although Ali denied having knowledge of the presence of the young child during the robbery, the trial court nonetheless gave him the opportunity to respond to the new material facts as contemplated in R.C. 2930.14(B). Thus, we conclude the trial court did not violate R.C. 2930.14(B) when it did not sua sponte continue the sentencing proceeding in light of "new material facts" but instead provided Ali the opportunity to respond to the information from the victim impact statement during the sentencing hearing.

{¶ 21} Having determined that neither the statement from the detective nor the statement from the victim of the iPhone robbery resulted in a violation of R.C. 2930.14(B) or a violation of Ali's right to due process, we overrule Ali's first assignment of error.

**IV.  Second Assignment of Error – Prison Term for Fifth-Degree Felony**

{¶ 22}  In his second assignment of error, Ali argues the trial court erred in imposing a prison term for his conviction of fifth-degree felony receiving stolen property rather than imposing community control.  Ali asserts this was a violation of R.C. 2929.13(B)(1)(a).

{¶ 23}  As the state notes, Ali did not object at the sentencing hearing to the trial court's imposition of a prison term rather than community control for his conviction of receiving stolen property.  Thus, Ali has waived all but plain error.  *State v. Jackson*, 92 Ohio St.3d 436, 444 (2001).  An appellate court recognizes plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice. *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 58 (10th Dist.), citing *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 139.

{¶ 24}  For an error to be a "plain error" under Crim.R. 52(B), it must satisfy three prongs: (1) there must be an error, meaning a deviation from a legal rule, (2) the error must be "plain," meaning an "obvious" defect in the trial proceedings, and (3) the error must have affected "substantial rights," meaning the error must have affected the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶ 25}  Here, the trial court imposed an 11-month prison term for Ali's conviction of receiving stolen property, a felony of the fifth degree.  Pursuant to R.C. 2929.13(B)(1):

> (a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:
>
> (i) The offender previously has not been convicted of or pleaded guilty to a felony offense.
>
> (ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.
>
> (iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more

community control sanctions that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

R.C. 2929.13(B)(1)(a).

{¶ 26} Ali acknowledges that at the time of sentencing, he was also facing sentencing for two second-degree felony robbery convictions, thus potentially precluding the mandatory imposition of community control under R.C. 2929.13(B)(1)(a)(ii). However, Ali argues R.C. 2929.13(B)(1)(a)(ii) should not apply because he asserts the joinder of sentencing proceedings for the three indictments was merely an administrative convenience. Ali provides no authority to support his argument that charges brought under separate indictments should not be considered as charges "against the offender at the time of sentencing" under R.C. 2929.13(B)(1)(a)(ii). This court will not add language to an unambiguous statute. *State v. Jordan*, 10th Dist. No. 11AP-679, 2012-Ohio-954, ¶ 7, citing *State ex rel. Stoll v. Logan Cty. Bd. of Elections*, 117 Ohio St.3d 76, 2008-Ohio-333, ¶ 39. Under the plain language of the statute, at the time of sentencing, Ali was facing charges more serious than a fourth or fifth-degree felony, and R.C. 2929.13(B)(1)(a)(ii) thus limits community control as a sanction. *State v. Ganguly*, 10th Dist. No. 14AP-383, 2015-Ohio-845, ¶ 43. For these reasons, the trial court did not err, let alone plainly err, in imposing a term of imprisonment rather than community control on the fifth-degree felony offense of receiving stolen property. We overrule Ali's second assignment of error.

## V. Third Assignment of Error – Imposition of Consecutive Sentences

{¶ 27} In his third assignment of error, Ali argues the trial court plainly erred when it imposed consecutive terms of imprisonment. As the state notes, Ali did not object to the imposition of consecutive sentences during the sentencing hearing, and our review is thus limited to plain error. *Jackson* at 444.

{¶ 28} Before imposing consecutive sentences, a court must make certain findings. R.C. 2929.14(C) provides as follows:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the

offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 29} Thus, pursuant to R.C. 2929.14(C)(4), in order to impose consecutive terms of imprisonment, a trial court is required to make at least three distinct findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b), or (c) applies. *State v. Price*, 10th Dist. No. 13AP-1088, 2014-Ohio-4696, ¶ 31, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

{¶ 30} A trial court seeking to impose consecutive sentences must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and also incorporate such findings into its sentencing entry. *Bonnell* at ¶ 37. However, a trial court need not state reasons to support its findings, nor is the court "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* "[A] word-for-word recitation of the language of the statute is not required," but where "the reviewing court can discern that the

trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 31} At the October 30, 2018 sentencing hearing, in discussing the seriousness of Ali's conduct, the trial court stated that it "finds that this is the most serious form of the crime." (Sentencing Tr. at 46.) Subsequently, in announcing it would impose consecutive sentences, the trial court stated:

> As to count three, the robbery, a felony of the second degree, the court is going to impose a prison term of four years with the Department of Rehabilitation and Correction. Consistent with [R.C. 2929.14(C)(4)], because these offenses constitute an ongoing course of conduct, because the court believes that no single sentence can satisfy that course of conduct, the danger that the conduct poses to the community, and in order to ensure the safety of the community, those sentences will run consecutive with each other.

(Sentencing Tr. at 48.)

{¶ 32} In its subsequent judgment entry, the trial court stated that it weighed the factors set forth in R.C. 2929.14 and further stated that it "finds that * * * a consecutive sentence is not disproportionate to the seriousness of the Defendant's conduct and to the danger the offender poses to the public." (Nov. 15, 2018 Jgmt. Entry at 2.)

{¶ 33} Ali argues the trial court failed to make a finding that consecutive sentences are not disproportionate to the seriousness of his conduct and the danger he posed, the second finding required under the *Bonnell* test outlined above. *See also* R.C. 2929.14(C)(4). Upon a review of the transcript of the sentencing hearing and the judgment entry, we disagree. Although the trial court did not use the word "disproportionate," it nonetheless addressed the seriousness of Ali's conduct, the danger Ali poses to the public, and the inadequacy of a single sentence. Thus, we conclude the trial court engaged in the appropriate statutory analysis and the record supports a "disproportional" finding under R.C. 2929.14(C)(4). *State v. Dixon*, 10th Dist. No. 17AP-884, 2018-Ohio-3759, ¶ 10 (noting that when a court states "no single sentence can satisfy that course of conduct," the trial court has weighed the severity of consecutive sentences against the seriousness of the conduct, and this language thus "demonstrates that the trial court engaged in a proportionality analysis even though it did not use the statutory language"); *State v.*

*Cardwell*, 10th Dist. No. 15AP-1076, 2016-Ohio-5591, ¶ 13 (the record supports a "disproportional" finding where "the trial court made findings regarding the seriousness of appellant's conduct as it relates to the criminal offense and the inadequacy of a single sentence to both fit appellant's conduct and adequately protect the public").

{¶ 34} Because the record demonstrates the trial court engaged in the appropriate analysis and made the requisite findings under R.C. 2929.14(C)(4), including the proportionality finding, we conclude the trial court did not err, let alone plainly err, in imposing consecutive sentences. Accordingly, we overrule Ali's third assignment of error.

## VI.  Fourth Assignment of Error – Ineffective Assistance of Counsel

{¶ 35} In his fourth and final assignment of error, Ali argues he received the ineffective assistance of counsel. More specifically, Ali asserts his trial counsel was ineffective in displaying disrespectful behavior to the court and in failing to make certain objections during the sentencing hearing.

{¶ 36} In order to prevail on a claim of ineffective assistance of counsel, Ali must satisfy a two-prong test. First, he must demonstrate that his counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This first prong requires Ali to show that his counsel committed errors which were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* If Ali can so demonstrate, he must then establish that he was prejudiced by the deficient performance. *Id.* To show prejudice, Ali must establish there is a reasonable probability that, but for his counsel's errors, the result of the trial would have been different. A "reasonable probability" is one sufficient to undermine confidence in the outcome of the trial. *Id.* at 694.

{¶ 37} In considering claims of ineffective assistance of counsel, courts indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 101. Ali contends his trial counsel was ineffective in (1) displaying disrespectful and argumentative behavior to the trial court; (2) failing to request a continuance upon learning of new material facts during the victim impact statement; (3) failing to object to the trial court's imposition of a prison term for his conviction of receiving stolen property rather than

community control; and (4) failing to object to the trial court's imposition of consecutive sentences.

### A.  Trial Counsel's Disrespectful Interactions with the Court

{¶ 38} Ali's first allegation of ineffective assistance of counsel is his trial counsel's allegedly disrespectful interactions with the trial court.  More specifically, Ali argues his counsel's behavior toward to the trial court resulted in the trial court being biased against Ali.

{¶ 39} As the transcript of the sentencing hearing indicates, Ali's trial counsel interrupted the trial court while it was making a finding related to the threat of a weapon during the phone robbery, prompting the trial court to admonish trial counsel that it did not "need for you to interject or to tell me why my recollection of what the victim has said is incorrect." (Sentencing Tr. at 35.)  Ali also points to several other exchanges between the trial court and defense counsel in which Ali characterizes the trial court as "undoubtedly quite upset" by defense counsel's conduct.  (Appellant's Brief at 27.)  These exchanges culminated in the trial court cautioning defense counsel at the conclusion of the hearing, after it had already announced Ali's sentence, that defense counsel was "going to put your client in a predicament where he is going to get more time because you don't know how to respect the court." (Sentencing Tr. at 51.)  The trial court then warned defense counsel he was "walking a thin line of a finding of contempt * * *, and I just don't want you to say anything else to me." (Sentencing Tr. at 51-52.)

{¶ 40} Ali asserts that these exchanges between his trial counsel and the trial court demonstrate that the trial court would have been biased against his trial counsel, rendering his sentencing hearing unfair.  Initially we note that " ' "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." ' " *State v. Dennison*, 10th Dist. No. 12AP-718, 2013-Ohio-5535, ¶ 46, quoting *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, ¶ 49, quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Moreover, as this court has noted, "even if we assume for the sake of argument that defense counsel's attitude somehow constituted deficient performance under *Strickland*," in order to substantiate a finding of ineffective assistance of counsel we must still be able to discern from the record "why the result would have been different had counsel not employed the

mannerisms that apparently annoyed the judge." *State v. Houston*, 10th Dist. No. 16AP-157, 2017-Ohio-1122, ¶ 38 (appellant did not demonstrate ineffective assistance of counsel based on the trial court repeatedly cautioning defense counsel about counsel's demeanor and tone, at one point specifically admonishing defense counsel as "disrespectful to this court" because appellant could not show prejudice under *Strickland*), citing *State v. Griffin*, 10th Dist. No. 10AP-902, 2011-Ohio-4250, ¶ 42.

{¶ 41} Here, the record does not reveal, and Ali does not articulate, how Ali suffered any prejudice from his counsel's disrespectful attitude toward the trial court. The trial court imposed a sentence that was within the statutory range and was otherwise in accordance with law. *See State v. Quintero*, 10th Dist. No. 18AP-102, 2018-Ohio-5145, ¶ 42 (even if counsel's performance during sentencing was deficient by not presenting mitigating evidence, appellant did not show prejudice because he "fails to show how mitigating evidence would have resulted in a lesser sentence"); *State v. Hayes*, 10th Dist. No. 08AP-233, 2009-Ohio-1100, ¶ 29-30 (finding no ineffective assistance from counsel's conduct during sentencing because even if counsel was deficient for failing to prepare for sentencing, appellant did not articulate any prejudice and the trial court imposed a sentence that was "within the range permitted by statute, and is supported by the evidence"). Additionally, we note that the trial court saved its strongest admonishment of Ali's trial counsel for after it had already imposed the sentence that was within the statutory range, undercutting Ali's theory that the trial court necessarily must have been biased against him based on his counsel's attitude.

{¶ 42} Ali is unable to point to anything in the record suggesting the result of his sentencing proceeding would have been different were it not for his trial counsel's behavior and attitude toward the court. Thus, his counsel's allegedly disrespectful behavior will not substantiate a claim of ineffective assistance of counsel.

## B. Failing to Request a Continuance

{¶ 43} Ali's next alleged instance of ineffective assistance of his counsel is his trial counsel's failure to request a continuance under R.C. 2930.14(B) upon learning the new material facts of the presence of a young child during the commission of one of the robberies.

{¶ 44} We agree with Ali that his trial counsel could have requested a continuance under R.C. 2930.14(B) upon learning of the presence of the robbery victim's son during the commission of the crime.  However, Ali does not demonstrate that his trial counsel's failure to request a continuance amounted to deficient performance under *Strickland*.  As we noted in our resolution of Ali's first assignment of error, R.C. 2930.14(B) contemplates the granting of a continuance or "other appropriate action" to allow a defendant to respond to new material information presented during a victim impact statement, including allowing the defendant to respond directly to the new information during the sentencing hearing.  Choosing to forgo a continuance request and instead allow Ali an immediate opportunity to respond to the information at the hearing falls within the tactical and strategic decisions of trial counsel that this court will not second-guess.  *State v. Bailey*, 10th Dist. No. 04AP-553, 2005-Ohio-4068, ¶ 26 (failing to request a continuance after surprise witness testimony did not amount to ineffective assistance of counsel, as "[d]ebatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if a better strategy had been available").  The trial court gave Ali two separate opportunities to respond to the details of the victim impact statement, and it was a matter of strategic decision-making by trial counsel to choose not to further highlight the information by requesting a continuance.

{¶ 45} Ali also fails to show how he was prejudiced by his counsel's failure to request a continuance.  Though he argues on appeal that a continuance would have provided him time to investigate the allegations of the victim, his implication that he would have been able to effectively undermine the victim's credibility following a continuance is nothing more than speculation.  Ali points to nothing in the record demonstrating that there is a reasonable probability that the result of the proceedings would have been different if trial counsel had requested additional time to investigate the victim's statement.  *Bailey* at ¶ 27.  For these reasons, Ali's trial counsel's failure to request a continuance of the sentencing proceedings will not substantiate a claim of ineffective assistance of counsel.

## C.  Failing to Object to Sentence

{¶ 46} Ali's third instance of alleged ineffective assistance of counsel is his trial counsel's failure to object to the imposition of a prison term rather than community control for his fifth-degree felony receiving stolen property conviction.  Similarly, Ali's fourth and

final instance of alleged ineffective assistance of counsel is his trial counsel's failure to object to the imposition of consecutive sentences.

{¶ 47} Ali's arguments reflect the arguments he made under his second and third assignments of error on appeal. Because Ali's trial counsel failed to object to the trial court's imposition of prison time rather than community control and the imposition of consecutive sentences, we reviewed Ali's second and third assignments of error under a plain error standard, and, in disposing of those arguments, we concluded Ali was unable to demonstrate plain error. " '[W]here the failure to object does not constitute plain error, the issue cannot be reversed by claiming ineffective assistance of counsel.' " *State v. Roy*, 10th Dist. No. 14AP-223, 2014-Ohio-4587, ¶ 20, quoting *State v. Carson*, 10th Dist. No. 05AP-13, 2006-Ohio-2440, ¶ 51. Having previously held, in addressing Ali's second and third assignments of error, that the trial court did not plainly err when it imposed a prison term for his fifth-degree felony receiving stolen property conviction or in imposing consecutive sentences, we conclude Ali's argument in this regard fails to satisfy the second prong of the *Strickland* test.

{¶ 48} Thus, because Ali cannot satisfy the *Strickland* test under any of his four instances of alleged ineffective assistance of counsel, Ali's claim of ineffective assistance of counsel must fail. Accordingly, we overrule his fourth and final assignment of error.

## VII. Disposition

{¶ 49} Based on the foregoing reasons, the trial court did not abuse its discretion or deprive Ali of due process in permitting victim impact statements during the sentencing hearing under R.C. 2930.14(B), the trial court did not plainly err in imposing a prison term rather than community control for fifth-degree felony receiving stolen property, the trial court did not plainly err in imposing consecutive sentences, and Ali did not receive the ineffective assistance of counsel. Having overruled Ali's four assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

KLATT, P.J., and NELSON, J., concur.