[Cite as *State v. Bender*, 2025-Ohio-760.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Kevin W. Popham, J.<br>Hon. David M. Gormley, J. |
| -vs- | |
| DAKOTA G. BENDER | Case No. 2024CA0019 |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Coshocton County Court of Common Pleas, Case No. 23 CR 0059 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 6, 2025 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| CHRISHANA L. CARROLL<br>Assistant Prosecuting Attorney<br>318 Chestnut Street<br>Coshocton, Ohio 43812 | CHRISTOPHER BAZELEY<br>9200 Montgomery Road, Suite 8A<br>Cincinnati, Ohio 45242 |

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Dakota Bender appeals the judgment entered by the Coshocton County Common Pleas Court convicting him following his pleas of guilty to four counts of unlawful sexual conduct with a minor (R.C. 2907.04(A), (B)(1)) and sentencing him to an aggregate prison term of fifty-four months. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** In November of 2020, Appellant, who was eighteen years old, was living in the same home as the victim, who was thirteen years old. Appellant engaged in a sexual relationship with the victim from November of 2020, to May of 2022. Appellant was indicted by the Coshocton County Grand Jury with four counts of unlawful sexual conduct with a minor.

**{¶3}** Appellant entered a plea of guilty to all four counts of the indictment. The trial court convicted Appellant upon his pleas, and sentenced Appellant to an aggregate term of incarceration of fifty-four months.

**{¶4}** It is from the July 30, 2024 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO ALLOW BENDER OR HIS ATTORNEY TO RESPOND TO THE VICTIM IMPACT STATEMENT.

**{¶5}** Appellant argues he was denied his right to respond to the victim impact statement, which was read into the record at sentencing. We disagree.

**{¶6}** R.C. 2930.14(B) provides:

(B) The court shall consider a statement made by a victim or victim's representative under division (A) of this section along with other factors that the court is required to consider in imposing sentence or in determining the order of disposition. If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing or dispositional proceeding or takes other appropriate action to allow the defendant or alleged juvenile offender an adequate opportunity to respond to the new material facts.

**{¶7}** Appellant cites *State v. Campbell*, 2000-Ohio-183, for the proposition if he was denied his right to respond to the victim impact statement, prejudice is presumed and we must remand for resentencing. We disagree. *Campbell* did not address the rights provided by R.C. 2930.14(B), but rather considered the defendant's right of allocution provided by Crim. R. 32(A)(1), which requires the trial court to "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." R.C. 2930.14(B) does not provide a second absolute "right of allocution" as suggested by Appellant. In contrast to Crim. R. 32, the statute does not require the trial court to ask the defendant personally if he or she wishes to respond to the victim impact statement. Rather, the statute requires that before the trial court may rely on new material facts presented in the victim impact statement, the trial court must give the defendant an opportunity to respond to the new material facts,

whether by continuing the hearing or other means.   We find *Campbell* inapplicable to the instant case.

{¶8}   The victim impact statement was read into the record as follows:

Dakota, for the past three and a half years, roughly, I have dealt with pain, fear, sadness, confusion, but mostly anger.  I hate you for what you did to me.  But I hate you more for the fact that you got my trust and you took it to your advantage.  At one point in my life, you were my best friend, and I trusted you with my life.  You were my big brother, the person I trusted to keep me safe and protected, until you were the one I needed protected from.  Because of you, I was put through hell.  Because of you, I was scared for my life.  I had just turned 13 years old when everything started.  I was still a child, and you took something from me that I can never get back.  People have called me names.  People have told me that I'm lying.  People have even put me down for speaking up against you, and I can't blame them because they don't know the real you, just like me before everything happened.  I never would have thought that you would do what you did to me.  I never knew why you did it, and I may never know.  But I do know – what I do know is what you did to me has ruined my life.  Because of you, I will forever keep my guard up and watch my surroundings closely.  Because of you, I will never be able to fully trust another person.  Because of you, there will always be this fear that never goes away.  You hurt me more than anyone in my life.  I remember the nights I would cry myself to sleep,

wondering if it was ever going to end. Wondering why you did it. I can never truly put into words how bad this has affected my life, but I can say those years you did those things to me were the worst years I have ever experienced in my life.

**{¶9}** Sent. Tr. 5-6.

**{¶10}** The trial court stated at the sentencing hearing:

In reviewing the pre-sentence investigation report, the Court finds from the official version of the facts of the offense that the defendant was living in the same home as the victim, [name omitted], at the time of the commission of the four offenses. And in that sense, Dakota Bender was provided with a place to live. The defendant abused that trust in order to essentially talk [the victim] into a relationship. And it's clear, not only from the indictment, from the pre-sentence investigation report, but also from the victim impact statement, that [the victim] was a child of tender years. She was only 13 years old.

The Court does note the harmful impact of these types of offenses on a child of such tender age.

Mr. Bender, after you have completed your first offense here with a 13-year-old girl, you should have known better. Yet, you continued to perpetrate these crimes against a child of tender years. And the victim impact statement as set forth from the witness stand and pre-sentence

investigation report notes the nature of harm cause to a child in these situations.

{¶11} Sent. Tr. 6-7, 9.

{¶12} The victim impact statement recounts the mental and emotional effect of Appellant's actions on the victim, but does not set forth new material facts which the trial court relied upon in sentencing Appellant. *Compare, State v. Daugherty,* 2002-Ohio-1183 (11th Dist.) (victim commented about prior violent conduct by the defendant, despite no prior convictions of abusing the victim); *State v. Ali,* 2019-Ohio-3864 (10th Dist.) (victim's statement referenced presence of his young child during the robbery); *State v. Sturgeon,* 138 Ohio App. 3d 882 (1st Dist. 2000) (victim impact statement alleged defendant "whipped" his child). While the trial court in sentencing stated it had considered the victim impact statement, as it is statutorily required to do, the trial court specifically stated the facts of the offense upon which it relied were taken from the presentence investigation report. The trial court referred to the victim impact statement for the impact of the crimes on the young victim, but cited to no new material facts from the victim impact statement. We find because the trial court did not rely on new material facts in the victim impact statement in sentencing Appellant, the trial court was not required to continue the case or take other action to give Appellant an opportunity to respond.

{¶13} In addition, at the end of the sentencing hearing, the trial court asked counsel for Appellant if she had anything further. She responded in the negative. Tr. 16. At this point, counsel for Appellant could have asked for an opportunity to respond to the victim impact statement. Although the trial court had orally pronounced sentence from

the bench, the sentence was not yet journalized.  It is axiomatic a court of record speaks only through its journal, and not by oral pronouncement, and thus the sentence was not yet final. *See, e.g, Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus. Thus, the trial court did give Appellant an opportunity to respond to the victim impact statement before the sentence was final, and Appellant failed to avail himself of the opportunity.

{¶14} The assignment of error is overruled.  The judgment of the Coshocton County Common Pleas Court is affirmed.

By: Hoffman, P.J.
Popham, J.
Gormley, J.  concur