[Cite as *State v. Roper*, 2025-Ohio-5495.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 25-COA-016 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Ashland County Court of Common Pleas, Case No. 24-CRI-244 |
| JOSHUA ROPER | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: December 9, 2025 |

**BEFORE:** William B. Hoffman, Kevin W. Popham, David M. Gormley, Appellate Judges

**APPEARANCES:** Christopher R. Tunnell, Ashland County Prosecuting Attorney, James B. Reese, III, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Christopher Bazeley, for Defendant-Appellant

OPINION

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Joshua Roper appeals the judgment entered by the Ashland County Common Pleas Court convicting him following his pleas of guilty to having weapons under disability (R.C. 2923.13(A)(3),(B)) and sexual battery (R.C. 2907.03(A)(5),(B)), and sentencing him to an aggregate term of incarceration of ninety-six months. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On July 12, 2024, Appellant engaged in sexual activity with the seventeen-year-old victim in the basement of the victim's home. Appellant was on probation at the time. Appellant was indicted by the Ashland County Grand Jury with having weapons under disability, sexual battery, and rape. Pursuant to a plea agreement, Appellant entered pleas of guilty to the charges of having weapons under disability and sexual battery. The State dismissed the rape charge. The trial court convicted Appellant upon his guilty pleas.

**{¶3}** The case proceeded to a sentencing hearing in the Ashland County Common Pleas Court. At the hearing, the trial court asked Appellant if he had anything he would like to say. Appellant responded he did not have anything to say. Sent. Tr. 5. The trial court then asked the victim if she would like to speak. The victim said the crime had affected her to the point where she could not go into the back room which led to the basement of her house.

**{¶4}** The trial court then asked the State if a victim impact statement was available. Both the trial court and defense counsel represented they had not received a

victim impact statement.  The prosecutor immediately emailed the victim impact statement to both the trial court and defense counsel.  The trial court paused the hearing in order to read the statement.

{¶5}  After reading the statement, the trial court said to defense counsel, "Mr. Meranda, if there is anything in there that you want to address, I will give you the opportunity."  Sent. Tr. 7.  Counsel represented he had nothing to add to his previous statements to the court.

{¶6}  The trial court sentenced Appellant to thirty-six months of incarceration for having weapons under a disability and to sixty months of incarceration for sexual battery, to be served consecutively for an aggregate term of incarceration of ninety-six months. In pronouncing sentence from the bench, the trial court stated:

This is clearly, from what she said today, and what is in her Victim Impact Statement, something that is going to effect [sic] her for a long time, and it has had a great effect on her day-to-day life to the point where she is terrified to even be in a part of her own house, so it's a harm to her that I cannot fathom.

{¶7}  Sent. Tr. 16.

{¶8}  Before adjourning the hearing, the trial court asked Appellant personally if he had any questions about his sentence and asked defense counsel if he had anything further to say.  Both responded negatively.

**{¶9}** It is from the July 10, 2025, judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT ERRED WHEN IT FAILED TO ALLOW ROPER TO PERSONALLY RESPOND TO THE VICTIM IMPACT STATEMENT AS REQUIRED BY R.C. 2930.14.

**{¶10}** Appellant argues the trial court erred in failing to allow him to personally respond to the victim impact statement. We disagree.

**{¶11}** R.C. 2930.14(B) provides:

The court shall consider a statement made by a victim or victim's representative under division (A) of this section along with other factors that the court is required to consider in imposing sentence or in determining the order of disposition. If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing or dispositional proceeding or takes other appropriate action to allow the defendant or alleged juvenile offender an adequate opportunity to respond to the new material facts.

**{¶12}** This Court held R.C. 2930.14(B) does not provide a defendant with an additional right of allocution to that provided by Crim. R. 32(A)(1):

Appellant cites *State v. Campbell*, 2000-Ohio-183, 90 Ohio St. 3d 320, 738 N.E.2d 1178, for the proposition if he was denied his right to respond to the victim impact statement, prejudice is presumed and we must remand for resentencing. We disagree. *Campbell* did not address the rights provided by R.C. 2930.14(B), but rather considered the defendant's right of allocution provided by Crim. R. 32(A)(1), which requires the trial court to "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." R.C. 2930.14(B) does not provide a second absolute "right of allocution" as suggested by Appellant. In contrast to Crim. R. 32, the statute does not require the trial court to ask the defendant personally if he or she wishes to respond to the victim impact statement. Rather, the statute requires that before the trial court may rely on new material facts presented in the victim impact statement, the trial court must give the defendant an opportunity to respond to the new material facts, whether by continuing the hearing or other means. We find *Campbell* inapplicable to the instant case.

{¶13} *State v. Bender*, 2025-Ohio-760, ¶ 7 (5th Dist.).

{¶14} In the instant case, as in *Bender*, the trial court did not rely on any new material facts presented in the victim impact statement. The trial court referred to the presentence investigation report when discussing the facts of the case. The trial court referred to the victim impact statement concerning the mental and emotional impact of

the crimes on the victim but cited no new material facts from the victim impact statement. We find because the trial court did not rely on new material facts in the victim impact statement in sentencing Appellant, the trial court was not required to continue the case or take other action to give Appellant an opportunity to respond.

**{¶15}** Further, the trial court gave Appellant several opportunities to respond to the victim impact statement. Immediately after reviewing the victim impact statement, the trial court asked counsel for Appellant if he had anything he wished to say about the statement. Counsel responded he had nothing to add to his previous statements regarding sentencing. At the end of the hearing, the trial court asked Appellant personally if he had any questions about his sentence and asked Appellant's attorney if he had anything to say. At this point, counsel for Appellant could have asked for an opportunity to respond to the victim impact statement. Although the trial court had orally pronounced sentence from the bench, the sentence was not yet journalized. It is axiomatic a court of record speaks only through its journal, and not by oral pronouncement, and thus the sentence was not yet final. *See, e.g, Schenley v. Kauth,* 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus. Thus, the trial court gave Appellant several opportunities to respond to the victim impact statement before the sentence was final, and Appellant failed to avail himself of the opportunities.

**{¶16}** The assignment of error Is overruled. The judgment of the Ashland County Common Pleas Court is affirmed. Costs are assessed to Appellant.



By: Hoffman, P.J.

Popham, J. and

Gormley, J. concur